UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:18 CR 450** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Shane Caraballo,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant Shane Caraballo's Motion to Vacate, Set Aside, or Correct Sentence under § 2255 (Doc. 36).  For the following reasons, the motion is DENIED.

**Facts**

On August 14, 2018, defendant was indicted with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and one count of possession with intent to distribute a controlled substance.  On January 10, 2019, defendant plead guilty to the two-count

1

indictment pursuant to a plea agreement. He was sentenced on April 17, 2019, to a term of imprisonment of 46 months and three years of supervised release. Defendant did not file a direct appeal.

This matter is now before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Sentence under § 2255.

**Standard of Review**

28 U.S.C. §2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**Discussion**

Defendant presents four claims for relief. Ground One asserts that defendant's conviction is invalid under *Rehaif v. United States*, 139 S.Ct. 2191 (2019), because he lacked knowledge of his prohibited status. Ground Two argues that the plea is invalid under *Rehaif*. Ground Three asserts that the indictment is invalid under *Rehaif*. Ground Four asserts ineffective assistance of counsel given that counsel did not inform defendant of the four elements necessary to prove illegal

2

possession of ammunition. Defendant maintains that he had questioned how he could be charged with something he had purchased legally, which he asserts pertains to the knowledge element.

Plaintiff argues that the Court should deny defendant's motion because his claims are procedurally defaulted and fail on the merits.

For the following reasons, the Court finds that the motion is time-barred and, alternatively, fails to warrant the relief sought.

The AEDPA establishes a one-year limitations period in which a federal prisoner may file a habeas corpus petition. That period runs from one of four specified dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The Court finds that defendant's motion is untimely under 28 U.S.C. § 2255(f)(1). Generally, a conviction becomes final upon conclusion of direct review. *See Sanchez Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). However, where the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant

3

could have appealed to the court of appeals, even when no notice of appeal was filed." *Johnson v. U.S.*, 457 Fed. App'x 462, 465 (6th Cir. 2012) (citations omitted). Relevant herein, that period was 14 days after the entry of the April 17, 2019 judgment, or May 1, 2019. *See* Fed. R. App. P. 4(b)(1). Defendant then had one year, or until May 1, 2020, to file his § 2255 motion. Defendant did not file his motion until June 3, 2020. Accordingly, it is untimely.

As stated earlier, defendant's grounds for relief are based on the Supreme Court case of *United States v. Rehaif*, 139 S. Ct. 2191 (2019). *Rehaif* was decided on June 21, 2019, and held that, to obtain a conviction under § 922(g), the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." Plaintiff states in a footnote that *Rahaif* applies retroactively to initial § 2255 petitions on collateral review. This Court disagrees as previously acknowledged:

> Upon review, the Court finds that the time frame set forth under 28 U.S.C. § 2255(f)(3) is inapplicable to defendant's motion. The Sixth Circuit has held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a new rule of constitutional law." *Kitwana Khamisi v. United States*, 800 Fed. App'x 344, 349 (6th Cir. 2020) (internal quotations omitted). Courts throughout this circuit have recognized that *Rehaif* does not apply retroactively to cases on collateral review. *See Wright v. United States*, 2020 WL 718237, *2 (W.D. Tenn. 2020); *United States v. Mock*, 2019 WL 6324625, *6-7 (S.D. Ohio 2019); *United States v. May*, 2019 WL 6310195, *2 (S.D. Ohio 2019); *Moore v. United States*, 2019 WL 4394755, *2 (W.D. Tenn. 2019); *Abernathy v. United States*, 2019 WL 5268546, *5 n. 3 (E.D. Tenn. 2019); *Swindle v. United States*, 2020 WL 3167012, *1 (W.D. Mich. 2020). Additionally, circuit courts of appeal have determined the same. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *In re Sampson*, 954 F.3d 159, 161(3rd Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all.")

*United States v. Saunders,* 2020 WL 3447819 (N.D. Ohio June 23, 2020). Since that decision, other courts in this circuit have likewise decided that *Rehaif* does not apply retroactively to cases on collateral review. *See, e.g., United States v. Whitmire*, 2020 WL 4039001 (S.D.Ohio July 17,

2020); *United States v. Goodjohn*, 2020 WL 3642684 (S.D.Ohio July 6, 2020); *United States v. Clay*, 2020 WL 4005647 (E.D.Ky. June 26, 2020). Accordingly, because *Rehaif* does not apply retroactively to cases on collateral review, the time frame set forth under 28 U.S.C. § 2255(f)(3) does not apply to defendant's motion.

Even if the motion is considered timely, it does not warrant relief. Because defendant did not file a direct appeal, his claims are procedurally defaulted unless he can show cause and prejudice, or that he is actually innocent. The motion states that the claims were not raised below because *Rehaif* had not yet been decided. Courts, however, have not allowed the issue to be raised on collateral review even though it was not available at the time of plea and sentencing. Furthermore, the claims fail on the merits.

Ground One asserts that defendant lacked knowledge of his prohibited status. But, even if *Rehaif* applied, the government points out that at the time defendant possessed the ammunition in this case, he had previously served more than one year in prison on two separate occasions. Ground Two asserts that the plea is invalid given that defendant was not advised of all the essential elements of the offense in light of *Rehaif*. However, given that *Rahaif* was not decided until months after the plea, defendant was properly advised of the elements that existed at the time of his plea. Likewise, the assertion in Ground Three that the indictment is invalid under *Rehaif* fails for the same reason. Ground Four asserts ineffective assistance of counsel given that counsel did not inform defendant of the four elements necessary to prove illegal possession of ammunition. Defendant maintains that he had questioned how he could be charged with something he had purchased legally, which he asserts pertains to the knowledge element. Again, because *Rehaif* was not decided at the time of the plea, counsel could not have been ineffective

5

for failing to anticipate a change in the law.

For these reasons, all grounds for relief fail.

**Conclusion**

For the foregoing reasons, defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: 7/31/20

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge